

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~WILLIAM~~ ~~SON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Sidney Latham
Secretary of State
Austin, Texas

Attention:  Mr. R. J. (Bob) Long
            Head of Charter Division

Dear Sir:                    Opinion No. 0-5707
                             Re:  Extension of the charters of
                                  the corporations under the
                                  facts stated.

        Your letter of November 10, 1943, requesting the opinion
of this department on the questions stated therein reads in
part as follows:

        "This office approved and filed a charter
    of a corporation with an authorized capital stock
    of $40,000.00 on July 3, 1919.  The charter pro-
    vided that the corporation should exist for a
    period of twenty (20) years, thereby making the
    charter expire July 3, 1939.  Should this office
    approve and accept for filing as of this date an
    instrument proposing to extend the charter of
    said corporation for an additional period of
    twenty (20) years?

        "This office approved and filed a charter of
    a corporation with an authorized capital stock
    of $10,000.00 on February 1, 1893.  The charter
    provided that the corporation should exist for
    a period of fifty (50) years, thereby making the
    charter expire February 1, 1943.  Should this
    office approve and accept for filing as of this
    date an instrument proposing to extend the charter
    of said corporation for an additional period of
    fifty years?

        "The amount of the filing fees are not in
    question.

        "Both corporations have continued to pay
    franchise taxes to this department and their taxes
    are paid to May 1, 1944."

The corporations under consideration are private corporations organized under the general laws of this State each having the amount of capital stock mentioned and each being organized for profit. Said corporations do not support any literary or scientific undertaking or maintain a library or promote painting, music, or other fine arts. The corporations were not incorporated as benevolent, charitable, educational, or missionary undertakings. Therefore, Article 1315, Vernon's Annotated Civil Statutes is not applicable to said corporations. Stated another way the above mentioned corporations are not authorized to revise their charters under the provisions of said article. However, Articles 1315(a) and 1315(b) were enacted by the 45th Legislature in 1937 and authorize all private corporations incorporated under the general laws of Texas to extend their charters and the corporate existence of any such corporation for an additional period not to exceed 50 years from the expiration date of the original charter, or any extension thereof, with all the privileges, powers, ammunities, rights of succession by its corporate name, and rights of property, real and personal, exercised and held by any such corporation at the expiration date, to the same intents and purposes as upon the original incorporation, provided, the extension of the charter is made at any time within ten years prior to the expiration of its charter.

Article 1387, Vernon's Annotated Civil Statutes, among other things, provides:

"A corporation is dissolved:

"1. By the expiration of the time limited in its charter.

". . . . . . ."

Article 1389, Vernon's Annotated Civil Statutes, provides:

"The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation."

It will be noted that Article 1315(b), supra, expressly provides:

"The provisions of Article 1315(a) shall extend to and include all private corporations incorporated under the general laws of Texas. The period of ten (10) years prior to the expiration of the charter or any extension thereof referred to in Article 1315(a) shall include the period of time during which such corporation may have continued its existence under the provisions of Article 1389 of the Revised Civil Statutes of 1925."

It is stated in Thomason on Corporations, Volume 8, page 599:

"A corporation is dissolved ipso facto and its powers as a corporate entity ceases on the expiration of the period of the time stated in the charter or governing statute. It is dead in law and its existence as a corporation can only be continued thereafter by legislative action . . ."

Generally speaking as stated in our opinion No. 0-2974:

"All corporations are, of course, creatures of the law and they possess just such attributes, rights and privileges as are provided by law and no more. They are creatures of law for convenience sake, and possess the attributes of legal entity as a person capable of doing the things which they are authorized by the charter to do and no more.

"They therefore possess corporate life as a legal entity in accordance with the charter and the laws authorizing such charter. When, under the law, that corporate life has expired, there is no legal entity, for it, too, has expired with the life of the organization or corporation."

The charter of one of the corporations mentioned expired July 3, 1939. With reference to this corporation you are advised that it is our opinion that your office has no authority to approve and accept for filing at this date an instrument proposing to extend the charter of said corporation.

The charter of the other corporation mentioned in your letter expired February 1, 1943. If this corporation has continued its existence under the provisions of Article 1389, Vernon's Annotated Civil Statutes, it is our opinion that your office has the legal authority to approve and accept for filing at this date an instrument extending the charter of said cor-

poration. In connection with this statement it will be noted, as heretofore stated, that the period of ten years prior to the expiration of the charter or the extension thereof referred to in Article 1315(a) shall include the period of time during which such corporation may have continued its existence under the provisions of Article 1389, Vernon's Annotated Civil Statutes. (See the case of Tenison, et al. v. Wilson 151 S.W. (2d) 327).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:ff:wc

APPROVED NOV 26, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman